IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FROSTINE NEWBERRY and RICHARD NEWBERRY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| DISCOUNT WASTE, INC., | § § § | |
| Defendant. | § | |

**DEFENDANT DISCOUNT WASTE, INC.'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Discount Waste, Inc. ("Defendant") in Cause No. 429-00399-2019 pending in the 429th Judicial District Court of Collin County, Texas files this Notice of Removal to the United States District Court for the Eastern District of Texas, Sherman Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the Court the following:

**I.     Factual Background.**

1.1     On or about January 22, 2019, Plaintiffs filed Plaintiffs' Original Petition in the matter styled Cause No. 429-00399-2019; *Frostine Newberry and Richard Newberry, Plaintiffs v. Discount Waste, Inc., a Corporation, Defendants;* in the 429th Judicial District Court of Collin County, Texas. (Ex. C-1, p. 1). Plaintiffs allege that, on or around July 14, 2017, Plaintiff Frostine Newberry was shopping at Legacy West Shopping Center and was walking on the

sidewalk next to the Tommy Bahama store when she tripped and fell over the protruding metal bars holding up a construction barricade that was on the pedestrian sidewalk. (Ex. C-1, p. 3).

1.2     Plaintiffs served the registered agent for Defendant with citation and Plaintiffs' Original Petition on January 31, 2019. (Ex. C-4).

1.3     Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See Id.*

**II.     Basis For Removal.**

2.1     Defendant removes this case to federal court pursuant to 28 U.S.C §§1332(a)(1), 1441(a), and 1446, because the requirements for federal diversity jurisdiction are satisfied.

**A.     Venue is proper.**

2.2     The United States District Court for the Eastern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. §1441(a), because the 429th Judicial District Court of Collin County, Texas is located within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

**B.     There is complete diversity between the parties.**

2.3     Plaintiffs are, and were at the time the lawsuit and this Notice of Removal were filed, residents of Illinois. (Ex. C-1, p. 2). Therefore, Plaintiffs are citizens of the State of Illinois.

2.3     For purposes of diversity jurisdiction, a corporation is generally deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C § 1332(c); *see, e.g.*, *Stafford v. Alcatel USA, Inc.*, No. 1:01-CV-85, 2001 WL 34084368, at *7 (E.D. Tex. Dec. 20, 2001); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's principal place of business is determined using the nerve-center test.

*Friend*, 559 U.S. at 92-93. The nerve-center test looks to where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *See Id.*

2.4   Defendant is, and was at the time of the lawsuit and this Notice of Removal were filed, a foreign corporation existing under the laws of the State of Georgia. As Plaintiffs conceded in their Original Petition, Defendant's principal place of business is located in Norcross, Georgia. (Ex. C-1, p. 2). Therefore, Defendant is a citizen of the State of Georgia.

2.5   Defendant is not incorporated in Texas or Illinois, and its principal place of business is not located in Texas or Illinois. Thus, Defendant is not a citizen of Texas or Illinois. Since Defendant is not a citizen of Illinois (where Plaintiffs are citizens), and is not a citizen of Texas (the forum state), the undisputed facts establish there is complete diversity and this case is removable.

**C.   The amount in controversy exceeds $75,000.00.**

2.6   In order to remove a case to federal court on the basis of diversity jurisdiction, a defendant must establish that the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C §1332(a); *e.g., Freeland v. Liberty Mut. Fire Ins.*, 632 F.3d 250, 252-53 (6th Cir. 2011). A defendant's amount in controversy allegation should be accepted when it is not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Courts generally look to a plaintiff's initial pleadings to determine if the amount in controversy requirement has been met. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252 (5th Cir.1961); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994). The amount in controversy alleged in plaintiff's state court complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d

888, 892 (7th Cir. 2003). This is based on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court. *Id.* A defendant may establish the minimal amount in controversy requirement by showing: (1) that it is apparent from the face of the complaint that the claims are likely to exceed the jurisdictional minimum; or (2) evidence of facts in controversy supporting a finding of the requisite amount. *Louque v. Allstate* Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002).

2.7 In their Original Petition, Plaintiffs assert a negligence action alleging two different theories of liability against Defendant: (1) negligence; and (2) loss of consortium. (Ex. C-1, pp. 5-6). Plaintiffs also affirmatively allege they "seek monetary relief over $100,000" and "disclose that their prayer seeks monetary relief over $200,000 but not more than $1,000,000." (Ex. C-1, pp. 1, 8). Plaintiffs further allege Plaintiff Frostine Newberry tripped and fell to the ground causing "significant bodily injury," which necessitated an "open reduction and internal fixation surgery" to repair her right wrist fracture and subsequent physical and occupational therapy. (Ex. C-1, pp. 3-5). As a result, Plaintiffs seek damages for past and future medical expenses, past and future physical and mental pain and suffering, past and future disfigurement, lost wages and loss of earning capacity, and loss of consortium. (Ex. C-1, pp. 7-8).

2.8 It is apparent from the face of Plaintiffs' Original Petition that the amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction, as it is well over $75,000.

**III.   Jury Demand.**

3.1   In Plaintiffs' Original Petition, Plaintiffs demanded a trial by jury. (Ex. C-1, p. 7). Plaintiffs paid the appropriate fee contemporaneously with the filing of the Original Petition. (Ex. B).

3.2   Pursuant to LOC. R. E.D. TEX. CV-38(a) and CV-81(b), Defendant will file a separate jury demand contemporaneously with the filing of this Notice of Removal.

**IV.   Documents and Exhibits Accompanying Removal.**

4.1   Simultaneously with the filing of this Notice of Removal, a copy of the Civil Cover Sheet is attached hereto as Exhibit "A." A certified copy of the State Court Docket Sheet – Case No. 429-00399-2019 is attached hereto as Exhibit "B." A copy of the Index of State Court Documents that clearly identifies each document and states the date the document was filed in state court is attached hereto as Exhibit "C," and all documents filed in the state court action are attached hereto as Exhibit "C-1" through Exhibit "C-5" as identified on the Index of State Court Documents. A copy of the List of Information Required by Local Rule CV-81 is attached hereto as Exhibit "D."

4.2   Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is also being filed with the Clerk of the District Court of Collin County, Texas and served on Plaintiffs, promptly after Defendant files this Notice of Removal.

**V.   Conclusion.**

5.1   Based on the foregoing, the exhibits submitted in support of and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Discount Waste, Inc. hereby removes this case from the 429th District Court, Collin

County, Texas to United States District Court for the Eastern District of Texas, Sherman Division, for trial and determination.

Respectfully submitted,

**THOMPSON COE COUSINS & IRONS, L.L.P.**

By: /s/ Jennifer D. Aufricht
Jennifer D. Aufricht - ***Attorney-In-Charge***
State Bar No. 01429050
jaufricht@thompsoncoe.com
Christa D. Hykaway
State Bar No. 24050802
chykaway@thompsoncoe.com
Plaza of the Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 – Telephone
(214) 871-8209 – Facsimile

**ATTORNEYS FOR DEFENDANT DISCOUNT WASTE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on this 28th day of February, 2019.

Mark Underwood
Underwood Law Offices
2530 West White Avenue, Suite 200
McKinney, Texas 75071
956-982-1800 – Telephone
956-982-2602 – Facsimile
munderwood@underwoodlawoffices.com

*Attorneys for Plaintiffs*

/s/ Jennifer D. Aufricht
Jennifer D. Aufricht