# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FROSTINE NEWBERRY and RICHARD NEWBERRY | § § § | |
| v. | § § | |
| DISCOUNT WASTE, INC. and ROSA LOPEZ, d/b/a A & R RENT-A-FENCE | § § § § | Civil Action No. 4:19-CV-00147<br>Judge Mazzant |
| v. | § § | |
| FRED OLIVIERI CONSTRUCTION COMPANY | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs Frostine Newberry and Richard Newberry's Motion for Leave to File Supplemental Expert Report (Dkt. #58) and Defendant Rosa Lopez d/b/a A & R Rent-A-Fence's Motion for Summary Judgment (Dkt. #60). Having considered the motions and the relevant pleadings, the Court finds that the motions should be denied.

### BACKGROUND

This is a trip-and-fall case. Plaintiffs allege that on or around July 14, 2017, Ms. Newberry was out shopping (Dkt. #9 ⁋ 11). While walking on the pedestrian sidewalk, Ms. Newberry tripped and fell over the "protruding metal bars holding up a construction barricade" (Dkt. #9 ⁋ 11). Allegedly, no warning sign was posted to notify pedestrians of the obstruction (Dkt. #9 ⁋ 13). Plaintiffs state that Ms. Newberry's fall caused "significant bodily injury, which necessitated surgery" (Dkt. #9 ⁋ 12).

Plaintiffs assert two causes of action: (1) negligence; and (2) loss of consortium as to Plaintiff Richard Newberry (Dkt. #9 at p. 5–6). Plaintiffs have settled their claims against all defendants except for Defendant Rosa Lopez d/b/a A & R Rent-A-Fence (Dkt. #66 at p. 2).

On December 12, 2019, Plaintiffs filed their Motion for Leave to File Supplemental Expert Report (Dkt. #58). Defendant responded on December 23, 2019 (Dkt. #66).

On December 18, 2019, Defendant filed its Motion for Summary Judgment (Dkt. #60). Plaintiffs filed their response on January 15, 2020 (Dkt. #78).

## LEGAL STANDARDS

### I. Untimely Expert Report

Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(D)). "A district court may grant a party leave to supplement an expert's report after the deadline in the scheduling order has expired, but only if good cause is shown under Rule 16(b)." *Id.*

The Court considers four factors is evaluating whether good cause exists: (1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

### II. Motion for Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson*

*v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

I. **Good Cause Does Not Exist to Allow Plaintiffs to File an Untimely Expert Report**

Plaintiffs dubbed their new expert report a "supplement" (Dkt. #58). Their characterization is inaccurate. The report Plaintiffs are attempting to file—nearly four months after the Scheduling Order's disclosure deadline—contains entirely new opinions and conclusions based on facts that were available to the Plaintiffs' expert from the start of the case. So, the Court treats Plaintiffs' filing as a motion to file an untimely expert report rather than a supplemental disclosure. And because Plaintiffs do not establish good cause for their untimely disclosure, the Court denies Plaintiffs' Motion.

A. **Plaintiffs Are Attempting to File an Entirely New Report**

Plaintiffs may not "supplement" their expert's report—with entirely new conclusions and theories regarding Defendant's wrongdoing—nearly four months after the deadline set by the Scheduling Order. This is not a supplement, but an entirely new expert report.

Plaintiffs acknowledge that disclosing "new opinions after the disclosure deadline is not allowed as a supplemental disclosure," yet they claim that the Court should grant leave to supplement because the opinions of their expert are the "same" (Dkt. #58 at p. 4). Plaintiffs state that their new expert report is updated with "the new information that has become available through the discovery process and depositions in this case that occurred after the Plaintiff[s'] initial expert disclosures"; yet, Plaintiffs never actually identify the "new information" that was uncovered during the discovery process and after the expert-disclosure deadline (Dkt. #58 at p. 4).

Defendant argues that Plaintiffs are attempting to add new opinions to the expert's report rather than supplement it (Dkt. #66 at p. 3). Specifically, Defendant thinks that Plaintiffs are attempting to tailor their expert report to their claims against Defendant now that it is the only remaining defendant in the case (Dkt. #66 at p. 3). Defendant points to three major substantive differences between the two reports: (1) the new report changes the alleged cause of Ms. Newberry's fall; (2) the new report adds an additional page of conclusions based on various federal regulations and city laws, which is not "new information" obtained in discovery; and (3) the new report adds the opinion that it should be the responsibility of the employer—here, Defendant—to conduct regular inspections and properly instruct its employees on how to control or eliminate hazardous conditions (Dkt. #66 at pp. 3–4).

Defendant correctly summarizes the differences between the new report and the original report. *Compare* (Dkt. #58) (the new report), *with* (Dkt. #66, Exhibit 1) (the original report). Defendant also correctly concludes that the new report is not supplemental. "The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (citation omitted). And "[supplemental] disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).

Plaintiffs are not seeking leave to file a supplemental report. Plaintiffs are seeking leave to file an entirely new expert report. And the report's new opinions and conclusions are not related to any new information obtained in discovery. Accordingly, the Court treats Plaintiffs' Motion as a motion to file an untimely expert report.

### B. Good Cause Does Not Exist to Allow Plaintiffs' Untimely Filing

Good cause does not exist to allow Plaintiffs to file their untimely expert report. Plaintiffs improperly attempt to file a new expert report nearly four months after the deadline set by the Scheduling Order and one month before Final Pretrial Conference.[1] Applying the four good-cause factors weighs against allowing Plaintiffs to file their untimely report.

First, Plaintiffs' explanation for their failure to timely disclose is insufficient. Plaintiffs fail to identify any information in the new report that was unavailable before the disclosure deadline. This failure is likely attributable to the fact that the new report does *not* rely on any newly discovered information. Instead, the new report adds an additional page of conclusions based on alleged noncompliance with various federal regulations and city ordinances. These conclusions, and the regulations used to support them, could and should have been included in the Plaintiffs' initial disclosures. Plaintiffs' conclusory statement that the report has been supplemented with the "new information that has become available through the discovery process" does not establish good cause. This factor weighs against allowing Plaintiffs' untimely filing.

Second, Plaintiffs do not address the importance of the new testimony; rather, Plaintiffs claim that the new report was made simply to comply with their duty to supplement discovery (Dkt. #58 at p. 3). As addressed above, that is not the purpose of this report. This factor weighs against allowing Plaintiffs' untimely filing.

Third, Defendant will be prejudiced if the Court allows this last-minute filing. The untimely report presents new conclusions and opinions centered around Defendant's alleged noncompliance with various federal regulations and city ordinances. It also changes the Plaintiffs' theory of causation with regard to Ms. Newberry's fall. Courts within the Fifth Circuit recognize

---

[1] As Defendant notes, the Court previously granted the parties' joint motion to extend the Scheduling Order's deadline for expert-witness disclosures by one month (Dkt. #26; Dkt. #66 at p. 1).

6

that making untimely, substantive changes to expert reports presents real prejudice to the other side, and courts routinely disallow litigants from making untimely disclosures. *See, e.g.*, *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997) (finding no abuse of discretion where the district court "concluded that '[t]o allow plaintiff to add more material now and create essentially a new report would prejudice the defendants, who would then have to get an expert to address these last-minute conclusions . . . .'"); *see also* Alexander J. Chern, *"Hybrid Witnesses" Are Not Entitled to "Hybrid Rules"*, 38 REV. LITIG. 333, 348 (2019) ("Disclosure of expert witnesses is more than mere procedure: "'The advance disclosure concerning expert witnesses protects the opposing party. Having received pretrial notice, the opposing party can prepare to respond to the expert testimony.'") (quoting Anne Bowen Poulin, *Experience-Based Opinion Testimony: Strengthening the Lay Opinion Rule*, 39 PEPP. L. REV. 551, 576 (2012)). Plaintiffs' attempt to make untimely, substantive changes to their expert report likewise threatens to prejudice Defendant. *See Reliance*, 110 F.3d at 257–58 (examining and affirming the district court's decision to deny a motion to file a supplemental expert report).

Nor is a continuance appropriate here to cure the prejudice. Final Pretrial Conference is set for January 31, 2020, and trial is set for March 2020 (Dkt. #20 at p. 3). The parties have already begun filing their motions in limine and responses (Dkt. #73; Dkt. #76; Dkt. #77). To cure the prejudice to Defendant, the Court must disrupt the January 2020 Final Pretrial Conference date and the March 2020 trial date. This is not a viable option at this stage of the litigation. *See Reliance*, 110 F.3d at 258 ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citation omitted); *State Auto.*, 2019 WL 1436659, at *26. Accordingly, these factors weigh against allowing Plaintiffs' untimely filing.

7

Because all four of the good-cause factors weigh against allowing Plaintiffs to file their untimely expert report, Plaintiffs' Motion is denied.

## II. Summary Judgment Is Denied

After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no genuine issue of material fact as to Plaintiffs' claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the Motion should be denied.[2]

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Expert Report (Dkt. #58) and Defendant's Motion for Summary Judgment (Dkt. #60) are hereby **DENIED**.

**SIGNED this 22nd day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] The parties dispute whether Plaintiffs are pursuing a negligent-activity claim, premises-liability claim, or both. Defendant argues that Plaintiffs brought their claim under a premises-liability theory (Dkt. #60 at p. 8). Plaintiffs argue that they may pursue recovery under both a premises-liability theory and a negligent-activity theory (Dkt. #78 at pp. 10–14). The Court declines to resolve this dispute at this time. But the Court notes that:

> Under Texas law, a person injured on another's property has two potential but *mutually exclusive* causes of action against the owner of the property: (1) an ordinary negligence claim arising from a negligently conducted activity on the premises, *or* (2) a premises liability claim for an unreasonably dangerous condition on the premises.

*Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (emphasis added) (citing *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)).