# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# AT SHERMAN

| | |
|---|---|
| FROSTINE NEWBERRY, an Individual, ) <br> RICHARD NEWBERRY, an Individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> DISCOUNT WASTE, INC., a Corporation ) <br> and ROSA LOPEZ d/b/a A&R RENT-A- ) <br> FENCE, ) <br> ) <br> Defendants and Third-Party ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRED OLIVIERI CONSTRUCTION ) <br> COMPANY, ) <br> ) <br> Third-Party Defendant. ) | CASE NO. 4:19-CV-147 <br><br> JUDGE: AMOS L. MAZZANT <br><br> JOINT FINAL PRE-TRIAL ORDER |

This cause comes before the Court for a Pre-Trial Management Conference on <u>January 31, 2020</u>, pursuant to Rule 16 of the Federal Rules of Civil Procedure

## A.      **COUNSEL FOR THE PARTIES**

Plaintiff:

Mark F. Underwood
Texas State Bar No. 24059341
UNDERWOOD LAW OFFICE
2530 W. White Avenue, Suite 200
McKinney, TX 75071
Telephone: (972) 535-6377
Facsimile: (972) 292-7828
E-mail: munderwood@underwoodlawoffices.com

Defendant Rosa Lopez d/b/a A&R Rent-A-Fence:

Robert J. Palmer
Texas State Bar No. 24013286
Adam T. Hamilton
Texas State Bar No. 24087655
FOX ROTHSCHILD LLP.
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (972) 991-0889
Facsimile: (972) 404-0516
E-mail: rpalmer@foxrothschild.com
E-mail: ahamilton@foxrothschild.com

B. **STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on:

(1) Diversity of Citizenship under 28 U.S.C. §1332.

At the time of the incident which makes the basis of this lawsuit, Plaintiffs Frostine Newberry and Richard Newberry were residents, citizens and with domicile in the City of Lexington, State of Illinois.

At the time of the incident which makes the basis of this lawsuit, Defendant Rosa Lopez, d/b/a A&R Rent-A-Fence is a sole proprietorship with a main location in 294 Highway 175, Seagoville, Texas 75159 and another location in 8008 Rosemont Road, Dallas, Texas 75217.

Jurisdiction is not disputed.

C. **NATURE OF ACTION**

This is a case wherein Plaintiff Frostine Newberry seeks damages and injuries sustained when she tripped and fell over the protruding metal bars holding up a construction barricade on the pedestrian sidewalk at the Legacy West Shopping Center.

The incident happened at the Legacy West Shopping Center at 7501 Windrose Avenue,

Plano, Texas 75024.

This is also a loss of consortium case wherein Plaintiff Richard Newberry seeks compensation for past and future loss of consortium and past and future loss of services due to the injuries suffered by his wife Plaintiff Frostine Newberry.

D. **CONTENTIONS OF THE PARTIES**

(1) Plaintiff Frostine Newberry

(a) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence had a duty to remove the unreasonable risk of harm created by the metal bars holding up a construction barricade on the construction premises located at 7501 Windrose Avenue, Plano, Texas 75024;

(b) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence had a duty to mitigate the unreasonable risk of harm created by the metal bars holding up a construction barricade on the construction premises located at 7501 Windrose Avenue, Plano, Texas 75024;

(c) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence further breached these duties by failing to mitigate the Plaintiff, Frostine Newberry of the unreasonable risk of harm created by the metal bars holding up a construction barricade on the construction premises located at 7501 Windrose Avenue, Plano, Texas 75024;

(d) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence's breach of these duties was the proximate cause of the injuries sustained by Plaintiff Frostine Newberry. But for the Defendant's breach of these duties, the accident resulting to injury to Plaintiff Frostine Newberry would not have happened.

(2) <u>Plaintiff Richard Newberry</u>

(a) At all times material to this lawsuit, Plaintiff Richard Newberry was and is married to Plaintiff Frostine Newberry;

(b) Before this incident, Plaintiff Frostine Newberry was industrious, affectionate, loving, compassionate, energetic, cooperative, patient, attentive, and a good wife and provider to Plaintiff, Richard Newberry. She gave guidance, advice, counsel, protection, comfort, household services, care and attention to him;

(c) Plaintiff Frostine Newberry's injuries have deprived Plaintiff Richard Newberry of the complete society of his wife;

(d) As a direct and proximate result of Defendant Rosa Lopez d/b/a A&R Rent-A-Fence's acts and omissions of negligence, as described herein, and the injuries sustained by his wife; Plaintiff Richard Newberry has suffered a loss of consortium and a loss of services in the past and, in reasonable probability, he will continue to suffer the same. These includes the loss of love, affection, solace, comfort, companionship, society, assistance, emotional support and household services from his wife.

(3) <u>Defendant Rosa Lopez d/b/a A&R Rent-A-Fence</u>

(a) Defendant A&R contends that is not liable to Plaintiffs under a premises liability action because it did not own, occupy, or control the premises where the subject incident occurred. Defendant A&R contends that it is further not liable to Plaintiffs under a premises liability action because it did not create the alleged unreasonable risk of harm as alleged by Plaintiffs. The general contractor of the Tommy Bahama, Fred Olivieri Construction Company, exercised control and possession over the

fence after it was installed by Defendant A&R, and was responsible for placing the fence in the condition it was in at the time of the subject incident. Defendant A&R further contends that it is not liable to Plaintiffs under a premises liability action because it did not have constructive or actual knowledge of the alleged dangerous condition. Defendant A&R is not liable to Plaintiffs because the dangerous condition as alleged by Plaintiffs was open and obvious. Moreover, Defendant A&R is not liable to Plaintiffs because Plaintiff Frostine Newberry was the sole proximate cause, or contributing cause, of her alleged injuries and damages. Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant A&R.

(b) In the alternative, and in the event this action is deemed by the Court as a general negligence cause of action, Defendant A&R is not liable to Plaintiffs because it did not owe a duty to Plaintiffs. Further, Defendant A&R is not liable to Plaintiffs under a general negligence action because Plaintiffs' alleged injuries and damages were the result of acts and omissions of third parties over who Defendant A&R could not, and did not, exercise any control whatsoever, and were not the result of any alleged negligence of Defendant A&R. The general contractor for the Tommy Bahama, Fred Olivieri Construction Company, exercised control and possession over the fence after it was installed by Defendant A&R, and was responsible for placing the fence in the condition it was in at the time of the subject incident. Moreover, Defendant A&R is not liable to Plaintiffs because Plaintiff Frostine Newberry was the sole proximate cause, or contributing cause, of her alleged injuries and damages. Plaintiffs' alleged damages resulted from new and

      independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant A&R.

(c)     Plaintiff Frostine Newberry was negligent in failing to exercise that degree of care and caution that would have been exercised by a person of ordinary prudence and that any such negligent action on the part of Plaintiff Frostine Newberry was the sole proximate cause of Plaintiff's damages or alternatively a contributing cause of Plaintiff's damages;

(d)     Plaintiff's claims are barred as a result of Plaintiff Frostine Newberry's own negligence, which contributed in whole or in part to Plaintiff's alleged damages. Alternatively, Plaintiff's recovery, if any, should be reduced by the percentage of Plaintiff Frostine Newberry's contributory negligence;

(e)     Plaintiff's alleged damages were proximately and/or solely caused by the negligent acts and/or omissions of third parties over whom Defendant could not, and did not, exercise any control whatsoever, including but not limited to Discount Waste, Inc. and Fred Olivieri Construction Company;

(f)     Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant;

(g)     That third parties over whom Defendant could not, and did not, exercise any control whatsoever, committed actions and/or omissions in exercising custody, control and possession of this barricade after the barricade was installed by Defendant. These actions and/or omissions proximately caused the alleged incident made the basis of this lawsuit;

(h) Plaintiff's alleged injuries and damages are the result of preexisting conditions that are unrelated to any alleged actions or omission of Defendant;

(i) The pain, injuries, and damages that Plaintiff Frostine Newberry is claiming in this case preexisted the incident made the basis of this lawsuit and are unrelated to any alleged actions or omissions of Defendant;

(j) To the extent that the incident made the basis of this lawsuit is found to have caused pain or injuries to Plaintiff Frostine Newberry, Plaintiff Frostine Newberry's alleged pain and injuries, in whole or in part, would be aggravation of Plaintiff Frostine Newberry's preexisting injuries and medical conditions;

(k) That any alleged dangerous condition at the Legacy West Shopping Center was open and obvious; and

(l) The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by the Plaintiffs' failure to mitigate such damages in whole or in part.

E. **STIPULATIONS AND UNCONTESTED FACTS**

(1) Plaintiff Frostine Newberry is an individual who resides in Lexington, IL;

(2) Plaintiff Richard Newberry is married to Plaintiff Frostine Newberry and also resides in Lexington, IL;

(3) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence ("Defendant" or "A&R") is a sole proprietorship with a main location in 294 Highway 175, Seagoville, TX 75159 and another location at 8008 Rosemont Road, Dallas, TX 75217;

(4) On or about March 23, 2017, Defendant A&R was contacted by Discount Waste, Inc. ("Discount Waste") with regard to leasing and installing a temporary chain-

|       |       |
|-------|-------|
|       | link fence around the ongoing construction at a Tommy Bahama retail store and restaurant located at Legacy West Shopping Center, 7501 Windrose Ave., Plano, Texas 75024 (hereinafter "Tommy Bahama"); |
| (5)   | The general contractor for the construction of the Tommy Bahama was Fred Olivieri Construction Company ("Olivieri"). Olivieri had originally requested that Discount Waste secure a temporary fence on its behalf for the Tommy Bahama construction. In turn, Discount Waste, on behalf of Olivieri, secured a temporary fencing from Defendant A&R; |
| (6)   | On or about March 24, 2017, Defendant A&R installed a temporary fence at the Tommy Bahama; |
| (7)   | On July 14, 2017, Plaintiff Frostine Newberry was at Legacy West Shopping Center with her daughter, son-in-law and then two-year-old grandson; |
| (8)   | Plaintiff Frostine Newberry was walking on a sidewalk next to the construction premises of the Tommy Bahama store at Legacy West Shopping Center alongside her daughter, son-in-law and then two-year-old grandson; |
| (9)   | There existed protruding metal bars holding up construction barricades at the pedestrian sidewalk where Plaintiff Frostine Newberry was walking; |
| (10)  | Plaintiff Frostine Newberry was taken to a hospital facility in Allen, Texas by her daughter Suzanne Smith; and |
| (11)  | Plaintiff Frostine Newberry underwent surgery for her right wrist at Texas Health Presbyterian Hospital in Allen, Texas. |

F.     **CONTESTED ISSUES OF FACT AND LAW**

(1) The parties dispute whether Plaintiff Frostine Newberry tripped and fell over the protruding metal bars holding up a construction barricade on the pedestrian sidewalk next to the Tommy Bahama at the Legacy West Shopping Center;

(2) The parties dispute whether Plaintiff Frostine Newberry injured her right wrist alongside other injures;

(3) The parties dispute whether Defendant Rosa Lopez d/b/a A&R Rent-A-Fence had any control of the temporary fence after its installation;

(4) The parties dispute the condition of the ground after the fence was installed;

(5) The parties dispute whether the condition of the fence at the time of the subject incident amounted to an unreasonable risk of harm;

(6) The parties dispute whether Defendant A&R did not return to the Tommy Bahama after the installation of the temporary fence until it removed it on or about August 11, 2017;

(7) The parties dispute whether Defendant had a duty to remove the unreasonable risk of harm created by the metal bars holding up a construction barricade on the construction premises located at 7501 Windrose Avenue, Plano, Texas 75024;

(8) The parties dispute whether the Defendant had a duty and therefore failed to mitigate the unreasonable risk of harm created by the metal bars holding up a construction barricade on the construction premises;

(9) The parties dispute whether Plaintiff's alleged damages were proximately and solely caused by the negligent acts and/or omissions of third parties over whom Defendant could not, and did not, exercise any control whatsoever, including, but

        not limited to Discount Waste and Fred Olivieri Construction Company;

(10)   The parties dispute whether Defendant failed to warn Plaintiff Frostine Newberry of the unreasonable risk of harm created by the metal bars holding up the construction barricade on the construction premises;

(11)   The parties dispute whether Defendant's breach of these duties were the proximate cause of the injuries sustained by Plaintiff Frostine Newberry;

(12)   The parties dispute whether Plaintiff Frostine Newberry was negligent in failing to exercise that degree of care and caution that would have been exercised by a person of ordinary prudence;

(13)   The parties dispute whether Plaintiff Frostine Newberry's injuries were the result and/or contributing cause of prior or pre-existing injuries, accidents or conditions;

(14)   The parties dispute whether Plaintiff Frostine Newberry's injuries were the result of a new, independent, unforeseeable, superseding and/or intervening cause(s) unrelated to this incident;

(15)   The parties dispute whether the dangerous condition at the Legacy West Shopping Center was open and obvious;

(16)   The parties dispute whether Plaintiffs' failed to mitigate their damages;

(17)   The parties dispute whether this action is grounded on premises liability or general negligence; and

(18)   The parties dispute whether Discount Waste and/or Fred Olivieri were exercising control, custody, and/or possession of the fence after the fence was installed by Defendant A&R, including the time of the subject incident.

G.     **LIST OF WITNESSES**

**Plaintiffs' List of Witnesses who will be called to testify at trial:**

(1)     Frostine Newberry, Plaintiff, 24654 N. 2900 East Road, Lexington, IL. 61753;

(2)     Richard Newberry, Plaintiff, 24654 N. 2900 East Road, Lexington, IL. 61753;

(3)     Suzanne Smith, Plaintiffs' daughter, 1501 Astoria Drive, Allen, TX 75013;

(4)     Michael Smith, Plaintiffs' son-in-law, 1501 Astoria Drive, Allen, TX 75013;

(5)     Norman Cooper, Realty Engineering, Inc., 4009 Edgehill, Fort Worth, TX 76116; (Plaintiff moved for Leave to file Supplemental Expert Report from Mr. Norman Cooper. Defendant filed an Answer to Plaintiffs' Motion requesting the Court denies it)

**Plaintiffs' List of Witnesses who may be called to testify at trial:**

(1)     Michael Sanders, M.D., Texas Health Presbyterian Hospital-Allen, 1105 N. Central Expressway, Allen, TX 75013;

(2)     Edward Kolb, M.D., Orthopedics of Illinois, 2200 Fort Jesse Road, Suite 205, Normal, IL. 61761;

(3)     Marc R. Fajardo, M.D., Hinsdale Orthopedics, 550 West Ogden Avenue, Hinsdale, IL. 60521;

(4)     Brandy Redman, OTR/L, Orthopedics of Illinois, 2200 Fort Jesse Road, Suite 250, Normal, IL. 61761.

(5)     Rosa Lopez, Defendant, Fox Rothschild, LLP., 5420 LBJ Freeway, Suite 1200, Dallas, TX 75240;

(6)     Joe DeFilippo, Charlotte, North Carolina;

(7)     Arnulfo Rivera Rivera, Fox Rothschild, LLP., 5420 LBJ Freeway, Suite 1200,

Dallas, TX 75240;

**Plaintiffs' List of Witnesses who will be presented by deposition testimony:**

(1)  Frostine Newberry (if necessary);

(2)  Richard Newberry (if necessary);

(3)  Arnulfo Rivera (if necessary);

(4)  Joe DeFilippo

**Defendant's List of Witnesses who will be called to testify at trial:**

(1)  Rosa Lopez

(2)  Arnulfo Rivera

(3)  Roderick Rennsion, P.E.

**Defendant's List of Witnesses who may be called to testify at trial:**

(1)  Plaintiff Frostine Newberry

(2)  Plaintiff Richard Newberry

(3)  Raul Rivera

(4)  Suzanne Smith

(5)  Michael Smith

**Defendant's List of Witnesses who will be presented by deposition testimony:**

(1)  Joe DeFilippo

(2)  Arnulfo Rivera (if necessary)

(3)  Plaintiff Frostine Newberry (if necessary)

(4)  Plaintiff Richard Newbery (if necessary)

H.  **LIST OF EXHIBITS**

**Plaintiffs' List of Exhibits**

(1) Pictures produced by Plaintiffs;

(2) Plaintiff Frostine Newberry's medical records from Texas Health Presbyterian-Allen in Allen, Texas;

(3) Plaintiff Frostine Newberry's billing statement from Texas Health Presbyterian-Allen.

(4) Plaintiff Frostine Newberry's medical records from Hinsdale Orthopedics in Hinsdale, Illinois;

(5) Plaintiff Frostine Newberry's billing statement from Hinsdale Orthopedics in Hinsdale, Illinois;

(6) Plaintiff Frostine Newberry's medical records from Orthopedics of Illinois in Normal, Illinois;

(7) Plaintiff Frostine Newberry's billing statement from Orthopedics of Illinois in Normal, Illinois;

(8) Plaintiff Frostine Newberry's medical records from OSF Medical Group in Illinois;

(9) Plaintiff Frostine Newberry's billing statement from OSF Medical Group in Illinois;

(10) Plaintiff Frostine Newberry's billing statement from Texas Medicine Resources (ER Physicians);

(11) Plaintiff Frostine Newberry's billing statement from Texas Radiology Associates, LLP. in Plano, Texas;

(12) Plaintiff's Expert Report from Norman Cooper, Realty Engineering, Inc.

(13) Plaintiff's Supplemental Expert Report from Norman Cooper, Realty Engineering, Inc. (Plaintiffs filed Motion for Leave to file Supplemental Expert Report and Defendant filed Motion in Response moving the Court to deny Plaintiffs' Motion for Leave);

(14) Deposition Transcript of Frostine Newberry (video deposition taken on 08/19/2019);

(15) Deposition Transcript of Richard Newberry (video deposition taken on 10/30/2019);

(16) Deposition Transcript of Joe DeFilippo (video deposition taken on 11/14/2019);

(17) Deposition Transcript of Arnulfo Rivera Rivera (video deposition taken on 10/30/2019);

(18) Plaintiffs' Original Petition with exhibit(s);

(19) Plaintiffs' Amended Petition with exhibit(s);

(20) Defendant Rosa Lopez d/b/a A&R Rent-A-Fence's Answer to Plaintiffs' Petition;

(21) Defendant Rosa Lopez d/b/a A&R Rent-A-Fences' Amended Answer to Plaintiffs' Amended Petition;

(22) Discovery responses from Plaintiff with exhibit(s);

(23) Discovery responses from Defendant with exhibit(s)

*Please see attached Exhibit List

**Defendant's List of Exhibits**

Please see attached Exhibit List

I. **LIST OF ANY PENDING MOTIONS**

(1)

  (2)  Plaintiffs, Defendant Discount Waste, Inc. and Third-Party Defendant Fred Olivieri Construction Company have jointly filed a Notice of Settlement.

 **J.**  **PROBABLE LENGTH OF TRIAL:**

  The probable length of trial is 2 days.

 **K.**  **TRIAL MANAGEMENT PROCEDURES**

  The parties do not anticipate any logistical problems with presentation of evidence and witnesses.

  The parties are expected to formulate a final trial plan at the Final Pre-Trial Conference on January 31, 2020.

 **L.**  **CERTIFICATIONS**

  The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

  (1)  Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

  (2)  Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

  (3)  Each exhibit in the List of Exhibits herein:

   a. Is in existence;

   b. Is numbered; and

      c. Has been disclosed and shown to opposing counsel.

APPROVED AS TO FORM AND SUBSTANCE:

Attorney for Plaintiffs Frostine Newberry and Richard Newberry:

*/s/Mark F. Underwood*

Mark F. Underwood

Attorney for Defendant Rosa Lopez d/b/a A&R Rent-A-Fence:

*/s/Adam T. Hamilton*

Adam T. Hamilton

    **SIGNED this 6th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE