**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**AT SHERMAN**

| | | |
|---|---|---|
| **FROSTINE NEWBERRY, an Individual,** | ) | **CASE NO. 4:19-CV-147** |
| **RICHARD NEWBERRY, an Individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE: AMOS L. MAZZANT** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DISCOUNT WASTE, INC., a Corporation** | ) | |
| **and ROSA LOPEZ d/b/a A&R RENT-A-** | ) | |
| **FENCE,** | ) | |
| | ) | |
| **Defendants and Third-Party** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FRED OLIVIERI CONSTRUCTION** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

<u>**PLAINTIFF'S SUPPLEMENTAL REQUESTED CHARGE**</u>

Plaintiffs Frostine Newberry and Richard Newberry hereby file this supplemental requested charge and would respectfully pray that the Court present it to the jury at the close of evidence.

Respectfully Submitted,

By:  */s/Mark F. Underwood*
Mark F. Underwood
Texas Bar No. 24059341
2530 W. White Avenue, Suite 200
McKinney, TX 75071
Telephone: (972) 535-6377
Facsimile: (972) 292-7828
E-mail: munderwood@underwoodlawoffices.com
COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on the 3rd day of June, 2020, a copy of the foregoing document has been forwarded to counsel of record accordance with and pursuant to the Federal Rules of Civil Procedure.

*/s/Mark F. Underwood*
Mark F. Underwood

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**AT SHERMAN**

| | | |
|---|---|---|
| **FROSTINE NEWBERRY, an Individual,** | ) | **CASE NO. 4:19-CV-147** |
| **RICHARD NEWBERRY, an Individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE: AMOS L. MAZZANT** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DISCOUNT WASTE, INC., a Corporation** | ) | |
| **and ROSA LOPEZ d/b/a A&R RENT-A-** | ) | |
| **FENCE,** | ) | |
| | ) | |
| **Defendants and Third-Party** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FRED OLIVIERI CONSTRUCTION** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

_____

## PLAINTIFF'S SUPPLEMENTAL REQUESTED CHARGE

**I.   General Instructions**

MEMBERS OF THE JURY:

**A.  Introduction**

You have heard the evidence in this case. I will now instruct you on the law you must apply
to this case. It is your duty to follow the law as I give it to you. On the other hand, you, the jury,
are the judges of the facts. Do not consider any statement that I have made in the course of trial or
make in these instructions as an indication that I have any opinion about the facts of the case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations.  Corporations and all persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the question accordingly. Your answers and your verdict must be unanimous.

## B.  Burden of Proof

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. A preponderance of the evidence just means the evidence that persuades you that a claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## C.  Calling Witnesses

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved, or who may appear to know of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence.

## D.  Objections and Rulings of the Court

During the trial, you may have heard counsel object to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the

attorney believes is not properly admissible. You should not draw any inference against an attorney's client because that attorney has made an objection. If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

### E.  Witness Testimony

In determining the weight to give the testimony of a witness, you should ask yourself whether there was evidence proving that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which differed from the testimony the witness gave before you during the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it is an important fact or with only an unimportant detail.

**F.  Consideration of the Evidence**

While you should consider only the evidence in this case, you may draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason, and common sense lead you to draw from the facts established by the testimony and the evidence.

The testimony of a single witness may prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider in properly finding the truth as to the facts. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence of all the evidence, both direct and circumstantial.

**G.  Judicial Notice**

In a civil trial, the Court may take judicial notice of certain facts. Judicial notice means that a Court has taken a specific fact as conclusively proven. The law determines that in a civil case, the Court must instruct you to accept that fact as conclusive and established. In other words, it obviates the need for the parties to prove that fact in Court.

In the case at hand, the Court has taken judicial notice of the City of Plano's Code of Ordinances, Chapter 19 §19-1: Obstruction of Streets, Alleys, Sidewalks, Parkway Areas or Public

Grounds. Once the ordinance gets read and/or introduced during the trial, you must accept the language of such ordinance as conclusive.

### H.  Juror Notes

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes may not have any greater weight than the recollection or impression of each juror about the testimony.

### II.  <u>Definitions</u>

1.  "Premises Liability":  means the liability that property owners, managers and/or possessors have over the injuries sustained by another person while on their property. A person creating a condition causing the injury, on the premises, may also be liable.

2.  "Invitee": an invitee is a person who is on the premises at the express or implied invitation of the possessor of the premises and who has entered thereon either as a member of the pubic for a purpose for which the premises are held open to the public or for a purpose connected with the business of the possessor that does or might result in their mutual economic benefit.

3.  "Actual knowledge":  means that a Defendant knew and/or was aware that a condition was dangerous or that a person created the dangerous condition.

4.  "Constructive Knowledge": means that the dangerous condition existed long enough the Defendant should have known of the alleged dangerous condition.

5.  "Negligence": means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which

a person of ordinary prudence would not have done under the same or similar circumstances.

6. "Ordinary Care": means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

7. "Unreasonable Risk of Harm": means there was a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event happening.

8. "Reasonable Care": means that degree of care which would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

9. "Proximate Cause": means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate case, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event or that some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

10. "Loss of Consortium": refers to the deprivation of the benefits of a family relationship caused by a catastrophic personal injury or the wrongful death of a family member.

11. "Loss of Services": refer to the loss of those services that a wife or husband performs around the home and in caring for the family.

**III.   Instructions on Deliberations**

It is your sworn duty as jurors to discuss the case with one another to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, please re-examine your own opinion and change your mind if you become convinced that you are wrong.

However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence.

As judges of the facts, you must decide the case based solely on evidence presented here within the four walls of this courtroom. This means that during deliberations you must not conduct any independent research about this case, the topics involved, or the individuals or corporations mentioned. In other words, you are prohibited from consulting dictionaries or reference materials; searching the internet, websites, or blogs; or using any other electronic tools to obtain information to help you decide the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cellphone, smartphone, iPhone, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog or website such as Facebook, Twitter, MySpace, LinkedIn, YouTube, Snapchat or any other social media platform to communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict. You cannot talk to anyone on the phone, correspond with anyone or electronically communicate with anyone about this case. You can discuss the case in the jury room only with your fellow jurors during deliberations. I expect you will inform me as soon as you learn of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because you should decide the case based solely on the evidence presented in this courtroom. Information on the internet or social media might be wrong, incomplete or inaccurate. You are

only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, you should be not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known by only you and not your fellow jurors or the parties. This would unfairly and adversely affect the judicial process.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you and exhibits which the court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during deliberations, follow all the instructions the Court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill on the form your answers to the questions. Do not reveal your answers until you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond promptly either in writing or by having you brought into the courtroom so I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you may, but are not required to, talk with anyone about the case unless the court orders otherwise.

## QUESTION NO. 1:

Did Defendant Rosa Lopez d/b/a A&R Rent-A-Fence create a dangerous condition at the premises of the Tommy Bahama store at the Legacy West Shopping Center when it installed the temporary fence?

ANSWER "YES" OR "NO"

_____ YES

_____ NO

## QUESTION NO. 2:

Did the dangerous condition created by Rosa Lopez d/b/a A&R Rent-A-Fence posed an unreasonable risk of harm?

ANSWER "YES" OR "NO"

_____ YES

_____ NO

## QUESTION NO. 3:

Did the negligence of Defendant Rosa Lopez d/b/a A&R Rent-A-Fence proximately caused the occurrence in question?

ANSWER "YES" OR "NO"

_____ YES

_____ NO

## QUESTION NO. 4:

Did Defendant Rosa Lopez d/b/a A&R Rent-A-Fence proximately caused Plaintiff Frostine Newberry's injuries and damages?

ANSWER "YES" OR "NO"

_____ YES

_____ NO

## QUESTION NO. 5:

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Frostine Newberry for her injuries that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately.

Do not award any sum of money on any element if you have otherwise, under some other element,

awarded a sum of money for the same loss. Do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages. Include any amount for any condition existing before the occurrence in question, to the extent that such other condition was aggravated by any injuries that resulted from the occurrence in question.

a.  Past physical pain.

ANSWER:_____

b.  Future physical pain.

ANSWER:_____

c.  Past mental anguish.

ANSWER:_____

d.  Future mental anguish.

ANSWER:_____

e.  Past medical expenses.

ANSWER:_____

f.  Future medical expenses.

ANSWER:_____

g.  Physical disfigurement.

ANSWER:_____

## QUESTION NO. 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Newberry for his loss of consortium and loss of services claim from his wife Frostine Newberry that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. Do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.  Past loss of consortium

ANSWER:_____

b.  Future loss of consortium

ANSWER:_____

c.  Past loss of services

ANSWER:_____

d.  Future loss of services

ANSWER:_____


## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return the same into this Court as our verdict.


_____
PRESIDING JUROR


_____
PRINTED NAME OF PRESIDING JUROR