# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FROSTINE NEWBERRY and RICHARD NEWBERRY, | § § § § | Civil Action No. 4:19-cv-147 |
| *Plaintiffs,* | § § | Judge Mazzant |
| v. | § § | |
| ROSA LOPEZ, d/b/a A & R RENT-A-FENCE | § § § | |
| *Defendant.* | § § § | |

## <u>VERDICT OF THE JURY</u>

We, the Jury, find as follows:

### <u>Question No. 1</u>

Did you find by a preponderance of evidence the negligence, if any, of those named below proximately caused the injury or occurrence in question?

With respect to the condition of the premises, *A&R Rent-A-Fence* was negligent if—

1. The condition existed on the construction premises that posed an unreasonable risk of harm, and

2. A&R Rent-A-Fence either owned, possessed, or exercised control over the construction premises or created a dangerous condition on the construction premises, and

3. A&R Rent-A-Fence knew or reasonably should have known of the danger, and

4. A&R Rent-A-Fence failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

With respect to the condition of the premises, *Fred Olivieri* was negligent if—

1. The condition existed on the construction premises that posed an unreasonable risk of harm, and

1

2. Fred Olivieri Construction Company either owned, possessed, or exercised control over the construction premises or created a dangerous condition on the construction premises, and

3. Fred Olivieri Construction Company knew or reasonably should have known of the danger, and

4. Fred Olivieri Construction Company failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

With respect to the condition of the premises *Discount Waste, Inc.* was negligent if—

1. The condition existed on the construction premises that posed an unreasonable risk of harm, and

2. Discount Waste, Inc. either owned, possessed, or exercised control over the construction premises or created a dangerous condition on the construction premises, and

3. Discount Waste, Inc. knew or reasonably should have known of the danger, and

4. Discount Waste, Inc. failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

In answering this question, do not consider Plaintiff's failure, if any, to exercise reasonable care in caring for or treating her injury, if any.

Answer "Yes" or "No" for each of the following:

| | |
|---|---|
| Plaintiff Frostine Newberry | No |
| A&R Rent-A-Fence | No |
| Fred Olivieri | No |
| Discount Waste, Inc. | No |

**If you answered "Yes" to Question No. 1 for <u>more than one</u> of those named, then proceed to Question No. 2.  If you answered "Yes" to Question 1 for <u>Plaintiff only</u>, then do not answer any of the following questions and proceed to the signature line.**

2

**Question No. 2**

For each person you answered yes to in question No. 1, find the percentage of responsibility attributable to each.  Please answer in whole number percentages that total to 100 percent.

| | |
|---|---|
| Plaintiff Frostine Newberry | _____ % |
| A&R Rent-A-Fence | _____ % |
| Fred Olivieri | _____ % |
| Discount Waste, Inc. | _____ % |

**TOTAL**                                                          **100%**

**Proceed to Question No. 3.**


**Question No. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Frostine Newberry for her injuries, if any, that resulted from the injury or occurrence in question?  Consider the elements of damages listed below and none other.  Answer in dollars and cents for damages, if any. Do not decrease the amount of damages for any negligence of Plaintiff, if any.

    a.   Physical pain sustained in the past.

         Amount: $ 0 _____

    b.   Physical pain that, in reasonable probability, Plaintiff will sustain in the future.

         Amount: $ 0 _____

    c.   Mental anguish sustained in the past.

3

Amount: $ __0_____

d.   Mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

Amount: $ __0_____

e.   Medical care expenses in the past.

Amount: $ __0_____

f.   Disfigurement sustained in the past.

Amount: $ __0_____

g.   Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

Amount: $ __0_____

**Proceed to Question No. 4.**


**<u>Question No. 4</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Richard Newberry for his injuries, if any, that resulted from the injury or occurrence to his wife?  Consider the elements of damages listed below and none other.  Answer in dollars and cents for damages, if any.

a.   Loss of consortium sustained in the past

Amount: $ __0_____

b.   Loss of consortium that, in reasonable probability, Plaintiff will sustain in the future.

Amount: $ __0_____

c.   Loss of household services sustained in the past.

Amount: $ __0_____

d. Loss of household services that, in reasonable probability, Plaintiff will sustain in the future.

e.      Amount: $ _0_____

**Proceed to Question No. 5**


**<u>Question No. 5</u>**

Do you find that Plaintiff Frostine Newberry failed to mitigate her damages?

Answer: _Yes_____

**If you answered "Yes" to Question No. 5, then answer the following Question No. 6. Otherwise, proceed to the signature line.**


**<u>Question No. 6</u>**

What sum of damages would Plaintiff Frostine Newberry have avoided had she reasonably mitigated her damages?

Answer: _$0_____

**Please proceed to the signature line.**

Costs listed were incurred either way, she didn't seem to do follow up so we don't know what other costs there might have been.


Date: _6/10 2020_____

Foreperson: ___      _____